UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAIME MALDONADO, on behalf of himself, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>WOODSIDE AUTO PARTS LLC, and DAVID MYONES, individually,<br><br>Defendants. | **Dkt. No.: 1:25-cv-4575**<br><br>**CLASS AND COLLECTIVE ACTION <u>COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff JAIME MALDONADO ("Maldonado"), on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiff," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate), by and through his attorneys, JOSEPH & NORINSBERG, LLC, as and for his Complaint against WOODSIDE AUTO PARTS LLC ("Woodside"), and DAVID MYONES, individually ("Myones") (collectively, "Defendants"), alleges upon knowledge as to himself and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action on behalf of himself, individually, and on behalf of all others similarly situated to recover damages for Defendants' egregious, systemic, and continuous violations of: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160 *et. seq*., and New York Comp. Codes R. & Regs ("NYCRR") Tit. 12, § 142-2.2; (iii) the minimum wage provisions of the NYLL, NYLL §§ 198, 652, 12 NYCRR § 142-2.1; (iv) the NYLL's prohibition against employers engaging in unlawful wage theft by making unlawful deductions from employees' wages earned, violating NYLL § 193 *et. seq*., and 12 NYCRR § 142-2.10; (v) the NYLL's requirement that employers furnish employees with wage statements containing specific

categories of accurate information on each payday, pursuant to 12 NYCRR § 142-2.7, and NYLL § 195(3), as codified in the New York Wage Theft Prevention Act ("WTPA"); (vi) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, to NYLL § 195(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Defendant Woodside is an automobile parts distributor, owned and operated by Defendant Myones, which purchases and owns automobile parts which Defendants sell and deliver to mechanic shops. In doing so, Defendants employ workers, laborers, and other personnel to work primarily at their principal place of business located at 37-42 58th St Woodside, NY 11377, where Plaintiff worked.

3. Plaintiff worked for Defendants from June 2016 through January 2024, as a mechanical laborer, manual worker, dispatcher, driver, and miscellaneous worker, performing all related duties for Defendant Woodside as Defendant Myones required him to perform each day.

4. As outlined herein, Defendants operate under several unlawful policies and practices which willfully violate the FLSA. First, Defendants engaged in a policy and practice of regularly requiring Plaintiff to work in excess of forty hours per week, while paying Plaintiff by a flat weekly lump-sum wage for his first forty hours of work each week, with no additional compensation for any of his overtime hours worked each week, resulting in Plaintiff suffering unpaid overtime compensation in willful violation of both the FLSA, and the NYLL.

5. Second, Defendants engaged in a policy and practice of failing to record Plaintiff's hours worked each week, and failing to provide Plaintiff with an accurate paystub with each payment of his wages, listing his hours worked, and regular and overtime rate of pay, preventing

Plaintiff from being able to ascertain if he was being paid correctly – which Plaintiff later learned he was not.

6. Third, Defendants engaged in a policy and practice of requiring Plaintiff to perform work-related delivery jobs using Plaintiff's own personal vehicle, while promising, but failing, to reimburse Plaintiff for tools of the trade and work-related expenses he was required to incur, such as gas, insurance, milage, and tolls, and other job-related expenses, constituting unlawful deductions from Plaintiff's regular wages, and causing his wages to further fall below the applicable minimum wage rate.

7. Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendant's willful violations of the FLSA.

8. Separately, Defendants failed to furnish Plaintiff with any accurate wage statements on each payday in violation of NYLL § 195(3), nor with any wage notice at hire containing specific statutorily-required categories of accurate information per NYLL § 195(1), both in violation of the WTPA, and New York's Wage Order, 12 NYCRR § 142-1.4, *et. seq*.

9. Plaintiff therefore brings his NYLL claims pursuant to the class action provisions of Fed. R. Civ. P. 23(b)(3) on behalf of himself and all other similarly situated workers who worked for Defendants in New York.

## **JURISDICTION AND VENUE**

10. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201 *et seq.*

11. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

12. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

***Plaintiff***

13. At all relevant times, Plaintiff worked for Defendants in New York and was an "employee" of the Defendants, entitled to the protections as defined in the FLSA, NYLL, and the NYCRR.

***Defendant Woodside***

14. At all relevant times, Defendant Woodside was and is a domestic profit business corporation, and an automobile parts distributor, which employs workers, laborers, and other personnel to work at its principal place of business located at 37-42 58th St, Woodside, NY 11377.

15. At all relevant times, Defendant Woodside's qualifying annual gross business revenue exceeded $500,000.00, Defendant Woodside employs in excess of ten or more people at any given time, and employed in excess of forty people during the relevant statutory period, and is engaged in interstate commerce within the meaning and the intent of the FLSA by ordering supplies from vendors that originated out of state and traveled across state lines in furtherance of its business operations such as automobile and mechanical parts, tools, equipment, manual and electrical machinery, and various other mechanical-related products, all of which were moved, purchased and transacted by Defendants through ordinary channels of instate commerce.

16. Defendants purchase, own, and operate various mechanical and electrical automobile parts and equipment including heavy truck batteries, huge truck rollers, and alternator starters, all of which Plaintiff worked with daily.

17. In addition, Plaintiff's job duties included collecting the Defendants' money invoices from Defendants' clients during the driving trips Plaintiff performed, with Plaintiff collecting Defendants' invoices in the amount of approximately $4,000.00 to $6,000.00 per day.

18. Moreover, Defendant Woodside also accepted credit card payments pursuant to agreements with in and out of state merchants alike, and accepted cash from customers which naturally moved across state lines. The combination of the foregoing subjects Defendant Woodside to the FLSA's requirements.

19. Based on the combination of the foregoing, at all relevant times, Defendant Woodside was and is an "employer" of Plaintiff within the meaning and the intent of the FLSA, NYLL, and the NYCRR.

***Defendant Myones***

20. At all relevant times, Defendant Myones is the owner of Defendant Woodside, and is the day to day operator and manager of Defendant Woodside, who had and exercised exclusive power, authority, and discretion to set Defendant Woodside terms and conditions of employment for all workers, controlled all of its payroll policies, and implemented and enforced all workplace rules, including, without limitation, the unlawful practices complained of herein.

21. At all relevant times herein, Defendant Myones has exercised exclusive and direct control over the terms and conditions of Plaintiff's employment, in that Defendant Myones had and exercised the power to: (i) hire and fire employees; (ii) determine rates and methods of pay; (iii) pay workers their owed wages; (iv) determine work schedules; (v) supervise work and control

of the employees, including the Plaintiff herein; and (vi) affect the quality of the employees' work conditions and employment.

22. Defendant Myones hired Plaintiff to work at Defendant Woodside and ultimately terminated Plaintiff's employment there.

23. At all relevant times, Defendant Myones provided instructions and directions to Plaintiff and the enterprise's other employees on how and when to perform their job duties, and supervised the day-to-day work that Plaintiff performed there during each day.

24. At all relevant times, Defendant Myones was the individual responsible for overseeing and controlling all of the daily operations of Defendant Woodside, actively participated in the day-to-day operations of Defendant Woodside, provided instructions and directions to Plaintiff and the enterprise's other employees on how and when to perform their job duties, and supervised the work that Plaintiff performed there each day.

25. At all relevant times, Defendant Myones has had the exclusive power and authority over all final personnel and payroll decisions of Defendant Woodside, including all those relating to Plaintiff, and Defendant Woodside's other employees.

26. At all relevant times, Defendant Myones set and established Plaintiff's rate of pay, and was responsible for paying Plaintiff his owed wages.

27. At all relevant times herein, Defendant Myones was the individual responsible for disciplining or evaluating the work of Defendant Woodside's employees, including Plaintiff.

28. At all relevant times herein, Defendant Myones was responsible for maintaining all employment records of Defendant Woodside, including, without limitation, any and all records relating to Plaintiff's hours worked and pay.

29. Defendant Woodside regularly required Plaintiff and similarly situated employees

to handle, sell, or work with packaged food and other goods for its business, all of which Defendants purchased and transported through the ordinary channels of interstate commerce, which were purchased from in and out of state vendors by Defendant Myones.

30. Moreover, Defendants required Plaintiff and similarly situated employees to perform work involving and related to, inter alia, the transporting of automobile parts for Defendants' business, which were and are sold to in and out of state consumers alike and/or transported across state lines and which subjects the Defendants to the FLSA's overtime requirements for individuals.

31. Accordingly, at all relevant times, Defendant Myones was and is the "employer" of Plaintiff within the meaning and the intent of the FLSA, the NYLL, and the NYCRR.

## **FACTUAL ALLEGATIONS**

32. Defendants employed Plaintiff to perform work primarily as a mechanical laborer, manual worker, and parts delivery transporter, dispatcher and driver, at Defendants' place of business from June 2016 through January 2024.

33. In this capacity, Plaintiff's primary job duties tasked him with inventorying Defendants' automobile parts and removing them from storage and shelves, carrying and placing those parts into his own personal vehicle, and performing deliveries of Defendants' automobile parts to Defendants' customers which mostly consisted of local mechanic shops. Plaintiff was also tasked with handling Defendants' transactions with Defendants' customers, collecting money from the shops of Defendants' customers when they paid their bill, and traveling from shop to stop to perform such deliveries, collecting money for Defendants' in accordance with their invoices, which amounted to approximately $4,000-$6,000 generated by Defendants' sales per day. Plaintiff also performed any and all miscellaneous and related duties as he was directed to do at the direction

of Defendant Myones.

34. Throughout Plaintiff's employment with Defendants, Defendants required Plaintiff to work, and indeed Plaintiff did regularly work, a schedule of six days per week, from Mondays through Saturdays, regularly working ten or more hours per day on Mondays through Friday, and seven or more hours on Saturdays, for a total workweek consisting of fifty-seven hours or more hours worked per week.

35. Despite his extensive hours worked, Defendants paid Plaintiff by a check in the amount of approximately $480.00 to $550.00 per week, without regard for the number of hours Plaintiff worked per week from June 2016 through June 2024.

36. In doing so, Defendants engaged in an unlawful policy and/or practice violating the NYLL of paying manual laborers, workers, and employees, by a fixed weekly lumpsum (i.e., salary) for their first forty hours worked per week only, and rather than by a statutorily required hourly rate of pay, and corresponding overtime rate, in accordance with the number of hours worked each week.

37. As such, Defendants failed to pay Plaintiff any compensation for any of his hours of work beyond forty in a workweek.

38. In or around June 2020, Defendant Myones informed Plaintiffs including Plaintiff Maldonado, that Defendants' business was briefly closing due to the covid pandemic.

39. Then, in late August 2020, Defendant Myones advised laborers including Plaintiff Maldonado, of Defendants' reopening of business following August 2020, and their return to work.

40. When Plaintiff returned to work for Defendants on or about September 1, 2020, Defendant Myones informed Plaintiff that Plaintiff's pay would be nominally increased to approximately $600.00 to $650.00 per week, which Defendants paid Plaintiff each week without

any regard for the number of hours Plaintiff actually worked each week from in or around September 2020 to January 2024.

41. As such, although Plaintiff regularly worked for Defendants in excess of forty hours per week throughout his employment with Defendants, Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) his regular hourly rate of pay for his hours worked in excess of forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA, NYLL, and 12 NYCRR § 142-3.2.

42. In addition to failing to pay Plaintiff any overtime wages, the total weekly wage which Defendants paid Plaintiff resulted in an effective hourly rate that fell below New York's legally mandated minimum wage throughout that time.

43. Pursuant to 12 NYCRR § 142-2.16, "[w]hen an employee is paid on a piece work basis, salary, or any basis other than hourly rate, the regular hourly wage rate shall be determined by dividing the total hours worked during the week into the employee's total earnings."

44. As such, upon information and belief, Defendants paid Plaintiff an effective hourly rate of between $9.50 and $11.40 per hour – which rate of pay fell far below New York's mandated minimum hourly wage rate of $15.00 per hour on and after December 31, 2019 and $16.00 per hour on and after January 1, 2024, pursuant to 12 NYCRR § 142-2.1.

45. By way of example only, during the week of February 12, 2019 through February 18, 2019, Plaintiff worked his standard fifty-seven hour workweek, for which Plaintiff received a paycheck in the gross amount of $530.25. As a result, Defendants paid Plaintiff an hourly rate which fell short of the state minimum wage rate for each hour worked, and worse, provided Plaintiff with no compensation whatsoever for his approximately seventeen overtime hours worked during that workweek at a rate of one and one-half times his regular hourly rate.

46. Adding insult to injury, Defendants engaged in egregious wage theft each week, by operating under several distinct unlawful policies and practices, each of which resulted in Defendants requiring Plaintiff, as a forced condition of his employment, to use his personal vehicle to perform local or foreign deliveries for Defendants, while deliberately failing to reimburse Plaintiff for those work expenses, thereby regularly making unlawful deductions from Plaintiff's regular wages, without any authority to do so and without justification, violating NYLL §§ 191, 195, and 12 NYCRR § 142-2.10.

47. At all relevant times, Defendants were legally required to cover all work-related expenses inclusive of tools of the trade which were incurred by Plaintiff in the performance of his job duties for Defendants, and to issue full and timely reimbursement to Plaintiff for all work-related expenses associated with Defendants' required use of Plaintiff's personal car – yet blatantly failed to do so, violating the FLSA and the NYLL.

48. As part of Plaintiff's daily job duties, Plaintiff was tasked with loading Defendants' extremely heavy machinery into his personal vehicle, which Plaintiff transported to Defendants' clients' shop locations, causing Plaintiff to incur work-related expenses inclusive of gas, milage, tolls, and other expenses on Defendants' behalf.

49. On numerous occasions, and during some workweeks near daily, Plaintiff requested reimbursement from Defendant Myones, who promised to pay Plaintiff for the costs by his next pay day, but continuously failed to do so.

50. In addition to Plaintiff complaining to Defendant Myones about being required to use his own vehicle for work purposes, and about incurring substantial work-related expenses such as gas, milage and tolls, on several occasions, Plaintiff also lodged complaints to Defendant

Myones about working long hours without overtime pay. Each such time, Defendant Myones summarily dismissed Plaintiff's complaints without any corrective action taken.

51. In doing so, Defendants abjectly violated the NYCRR's prohibition against an employer's taking an unlawful deduction from an employee's regular wages, violative of the NYLL, and 12 NYCRR § 142-2.10.

52. This unlawful practice of Defendants constituted wage theft by making unlawful deductions from Plaintiff's regular wages, unlawfully undercutting Plaintiff's regular pay, and failing to pay Plaintiff his full wages owed for his hours worked each week, while further reducing Plaintiff's effective rate of pay.

53. In addition to engaging in wage theft each week, Defendants knew that Plaintiff was performing significant overtime work, which legally required overtime pay, yet deliberately failed to provide Plaintiff with any overtime pay in their scheme to undercut Plaintiff's wages and maximize profits for Defendants' sole benefit and gain.

54. Plaintiff's paystubs were insufficient as a matter of law as they failed to record any figure for his hours worked each week for which they covered, i.e., number of hours for which Defendants intended his pay to compensate him for, and failed to indicate Plaintiff's regular and overtime rate of pay.

55. Defendants' FLSA and NYLL violations described herein were deliberate and willful, as demonstrated by, *inter alia*, Defendants failing to keep accurate and contemporaneous payroll records as required by the FLSA, the NYLL, and 12 NYCRR § 142-2.6, and willfully failing to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA, NYLL, and 12 NYCRR §

142-2.8, in Defendants' attempt to conceal their unlawful conduct from Plaintiff and others similarly situated.

56. In furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated, Defendants failed to provide Plaintiff, prior to the start of employment, with any written notice of Plaintiff's regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, in willful violation of the requirements of NYLL 195 and the NYCRR.

57. In furtherance of their efforts to conceal their unlawful conduct from Plaintiff and others similarly situated, on each occasion when Defendants paid Plaintiff, Defendants sometimes paid Plaintiff cash, while failing to provide Plaintiff with any accurate paystub, or other written document, let alone one that included, *inter alia*, his hours worked, and regular and overtime rate of pay for that pay period, in willful violation of the requirements of 12 NYCRR § 142-2.6.

58. Plaintiff suffered a concrete injury in fact due to Defendants' failure to provide timely and accurate wage statements on each pay day because, and due to Defendants' failure to timely pay Plaintiff all wages due, lacking any documentation from Defendants that showed his true hours and pay, Plaintiff was unable to meaningfully advocate for himself and others due to the lack of accurate information provided to him during each pay period from Defendants.

59. If the Defendants had provided Plaintiff with paystubs accurately reflecting the actual hours he works and has worked and that he was entitled to be paid for all hours, Plaintiff would have been able to advocate for himself and for his coworkers to be paid higher wages during their employment, exactly as Plaintiff is now doing through this action upon independently learning of his rights.

60. Indeed, because Plaintiff was not aware that he should have received, among other

things, compensation at a rate of time and a half for his hours in excess of forty in a workweek, Plaintiff waited significant time before raising his complaints against Defendants, causing him to lose the time-value of the money he should have earned if he was accurately appraised of his total hours worked each week.

61. What is more, by Defendants failing to properly pay Plaintiff all wages owed as described above, Plaintiff was deprived of his ability to use and enjoy his money, hampered in his ability to purchase or invest his owed wages, and was severely and deliberately underpaid weekly.

**COLLECTIVE ACTION ALLEGATIONS**

62. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial workers of Defendants, who during the applicable FLSA limitations period, performed work for Defendants and who consent to file a claim to recover damages for overtime compensation that is legally due to them; and/or liquidated damages that are legally due to them ("FLSA Plaintiffs").

63. Defendants treated Plaintiff and all FLSA Plaintiffs similarly, in that Plaintiff and all FLSA Plaintiffs: (1) performed similar job duties and tasks, as described above; (2) were subject to the same laws and regulations; (3) were paid by Defendants in the same or similar manner; (4) were regularly required to work in excess of forty hours in a workweek; and (5) were not reimbursed for tools of the trade; and (6) paid the required one and one-half times their respective regular rates of pay, for all hours worked per workweek in excess of forty.

64. At all relevant times, Defendants have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at the rate of one and one-half times their respective regular rate

of pay for all hours worked each workweek above forty, yet purposefully and willfully chose and choose not to do so.

65. Defendants' willful violations of the FLSA are evidenced by their knowledge that their policies violated the FLSA, and their intentional and/or reckless choice to continue to operate in violation of the FLSA's requirements. Further, discovery will reveal evidence that Defendants blatantly ignored the FLSA's explicit requirement that employees must be paid for *all* hours suffered or permitted to be worked and that underpaying its workers is an illegal practice.

66. The precise number of FLSA Plaintiffs should be readily available from a review of the Defendants' personnel, scheduling, time, and payroll records, and from input received from the collective action as part of the notice and "opt-in" process provided by 29 U.S.C § 216(b).

67. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

68. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCRR.

69. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former non-managerial workers who performed any work for any of the Defendants in New York during the statutory period within ("Rule 23 Plaintiffs").

70. All of the requirements under FRCP(b)(3) are satisfied, as set forth below.

71. Moreover, Plaintiff and the Rule 23 Plaintiffs have all been injured in that they have

been uncompensated, under-compensated, or untimely compensated due to Defendants' common policies, practices, and patterns of conduct. For instance, Plaintiff and the Rule 23 Plaintiffs have suffered a concrete injury in fact and as a result have been actually harmed by Defendants' nonpayment of any proper minimum wages or overtime wages. Specifically, Plaintiff and the Rule 23 Plaintiffs were deprived of their ability to purchase by Defendants' nonpayment of any proper minimum wages or overtime wages, invest said wages, accrue interest on their wages, or otherwise utilize the value that their wages would have held had they been properly paid to Plaintiffs.

**Numerosity & Ascertainability**

72. During the applicable NYLL limitations period, the Defendants have, in total, employed at least 40 other employees that are putative members of this class.

73. The precise number of the Rule 23 Plaintiffs is readily ascertainable through a review of Defendants' personnel, time, and payroll records.

**Common Questions of Law and/or Fact**

74. There are questions of law and fact common to each Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that the Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff, including whether their rates of pay fell below the New York minimum wage rate; (3) whether the Defendants compensated all overtime wages due to Rule 23 Plaintiffs; (4) whether the Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); (5) whether the Defendants have kept and maintained accurate records of hours worked by Rule 23 Plaintiffs; (6) whether the Defendants kept and maintained records with respect to the compensation that it paid to the Rule 23 Plaintiffs for each hour worked; (7) whether the Defendants has any affirmative defenses to any of the Rule

23 Plaintiffs' claims; (8) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and WTPA; and (9) if so, what constitutes the proper measure of damages.

**Typicality of Claims and/or Defenses**

75. As described herein, the Defendants employ(ed) Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL. The Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs: work and/or have worked for Defendants in New York; Defendants failed to pay them properly for all regular and overtime hours worked; and Defendants did not provide them with accurate wage statements on each pay day as required by applicable law. Plaintiff and the Rule 23 Plaintiffs enjoy all of the same statutory rights under the NYLL, inclusive of the requirements to be paid at or above the minimum wage, for all wages, tips, and overtime compensation due, and to be furnished with accurate wage notices upon hire and wage statements on each payday.

76. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of the Defendants' failure to comply with the NYLL and WTPA. Plaintiff and the Rule 23 Plaintiffs all have suffered injury including lack of compensation and/or untimely compensation due to the Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

**Adequacy**

77. Plaintiff, as described herein, worked the same or similar job duties as Rule 23 Plaintiffs throughout their employment with Defendants. Defendants did not pay Plaintiff at least at the minimum wage rate, nor for all overtime hours due, nor did Defendants furnish Plaintiff

with accurate wage statements on each payday, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.

78. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have also subjected to the treatment alleged herein.

79. Additionally, Plaintiff's counsel, Joseph & Norinsberg, LLC ("J&N"), has substantial experience in the field of employment law. J&N is a well-respected litigation firm that represents Plaintiffs primarily in a wide variety of employment matters, including individual and class action litigation concerning wage and hour, discrimination, and harassment claims among others. J&N is dedicated to its clients, working tirelessly to achieve the best outcome for them, sometimes at a significant cost to the firm in terms of time, resources, and financial risk. Plaintiffs' counsel has handled hundreds of employment cases in federal districts courts, including dozens of Rule 23 class actions and FLSA collective actions. Accordingly, Plaintiff's counsel will fairly and adequately represent the interests of the putative class and will take all steps necessary to obtain class certification and appointment as class counsel.

**Superiority**

80. A class action is superior to the alternatives, if any, for the fair and efficient adjudication of the controversy alleged herein, because such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of evidence, effort, and expense that numerous individual actions would engender. This action will result in the orderly and expeditious administration of Class claims. Uniformity of decisions will be assured, thereby avoiding the risk of inconsistent

and varying determinations. Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a class action.

81. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, the Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

82. Any lawsuit brought by a worker based in New York and employed by Defendants would be identical to a suit brought by any other such employee for the same violations. Thus, separate litigation would risk inconsistent results.

83. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

84. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for the Defendants' benefit.

85. Defendants acted in the manner described herein so as to minimize its overhead while maximizing profits.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime under the FLSA*

86. Plaintiff and FLSA Plaintiffs repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

87. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b) *et seq*.

88. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

89. As described above, each Defendant is an "employer" within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are "employees" within the meaning of the FLSA.

90. Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

91. Furthermore, Defendants violated the FLSA by shifting costs and expenses for tools of the trade onto Plaintiff and FLSA Plaintiffs further reducing the amount of their earned wages in violation of the FLSA.

92. The Defendants' violations of the FLSA as described in this Complaint have been willful and intentional, demonstrated by their failure to post notice of the FLSA's requirements, to maintain accurate contemporaneous time records, and to accurate advise Plaintiff of his rights to be paid. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of Plaintiff nor FLSA Plaintiffs.

93. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rate of pay.

94. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS

*Unpaid Overtime under the NYLL and the NYCCRR*

95. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

96. N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours

worked exceeding forty in a work week.

97. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

98. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate him/them in accordance with the NYLL's and the NYCRR's overtime provisions.

99. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his/their regular rate of pay.

100. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Pay Minimum Wages in Violation of the NYLL and the NYCCRR*

101. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

102. N.Y. Lab. Law § 652(1) and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked.

103. As described above, Defendants are "employers" within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, are employees within the meaning of the NYLL.

104. As also described above, Defendants did not compensate Plaintiff, Rule 23

Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, at the minimum hourly rate required by the NYLL for all hours worked.

105. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, are entitled to payment at the minimum wage for each and every hour worked for Defendants pursuant to the NYLL's minimum wage provisions.

106. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's minimum wage provisions.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deductions from Wages in Violation of the NYLL and the NYCRR*

107. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

108. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

109. N.Y. Lab. Law § 193 and 12 NYCRR § 142-2.10 prohibit any employer from making any deduction from the wages of an employee, provided for few nonapplicable exceptions.

110. As also described above, during each week that Plaintiff worked for Defendants, Defendants required Plaintiff to transport Defendants' machinery and automobile parts to Defendants' clients' shop locations, causing Plaintiff to incur work-related expenses inclusive of gas, milage, tolls, and other expenses on Defendants' behalf.

111. Defendants were legally required to cover all work-related expenses incurred by Plaintiff in the performance of his job duties for Defendants, and to issue full and timely

reimbursement to Plaintiff for all work-related expenses associated with Defendants' required use of Plaintiff's personal car – yet unlawfully failed to do so, violating the NYLL and NYCRR.

112. On numerous occasions, and during some workweeks near daily, Plaintiff requested reimbursement from Defendant Myones, who promised to pay Plaintiff for the costs by his next pay day, but continuously failed to do so.

113. Despite Plaintiff frequently complaining to Defendant Myones about being required to use his own vehicle for work purposes, and about incurring substantial work-related expenses such as gas, milage and tolls, Defendant Myones summarily dismissed Plaintiff's complaints without any corrective action taken.

114. In doing so, Defendants abjectly violated the NYCRR's prohibition against an employer's taking an unlawful deduction from an employee's regular wages, violative of the NYLL, and 12 NYCRR § 142-2.10.

115. This unlawful practice of Defendants also constituted wage theft and the making of unlawful deductions from Plaintiff's regular wages, of the type the law was designed to protect against, entitling Plaintiff to compensation for unpaid reimbursement, wage theft and other related monetary damages incurred.

116. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs who opt-in to this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' unlawful deductions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS

*Failure to Furnish Proper Wage Statements in Violation of the NYLL and the NYCRR*

117. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

118. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

119. N.Y. Lab. Law § 195(3) and 12 NYCRR § 142-2.7 require that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

120. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action, with accurate wage statements containing the criteria required under the NYLL, specifically, NYLL § 195(1), *et seq*., and 12 NYCRR § 142-2.7, *et seq*.

121. Specifically, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action with accurate wage statements on a weekly basis, and that if/when Defendants did furnish a wage statements, it failed to include, *inter alia*, their actual regular and overtime hours worked, corresponding regular and overtime rates of pay, or a correct pay period.

122. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt in to this action in the amount of $250.00, per Plaintiff, for each workday that the violations occurred, up to a statutory cap of $5,000.00, per Plaintiff.

## **SIXTH CLAIM FOR RELIEF AGAINST RESPONDENTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL and the NYCRR*

123. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

124. Defendants are "employers" within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiffs that opt-in to this action are "employees" within the meaning of the NYLL and the NYCRR.

125. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

126. As also described above, Defendants failed to furnish Plaintiff with any wage notice at hire, let alone one that accurately contained all of the criteria required under the NYLL.

127. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

128. Pursuant to FRCP 38(b), Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants, and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Designation of this action as a Fed.R.Civ.P. 23(b)(3) class action on behalf of Plaintiff and Rule 23 Plaintiffs, and prompt issuance of notice pursuant to Fed.R.Civ.P. 23(c)(2) to the Rule 23 Plaintiffs, apprising them of the pendency of this action, and tolling of the statute of limitations;

f. Designation of Plaintiff and undersigned counsel as class and collective action representatives under the FRCP and FLSA;

g. All damages that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

i. Awarding Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs, their costs and disbursements incurred in connection with this action, as well as their reasonable attorneys' fees, expert witness fees and other costs;

j. Awarding Plaintiff with a service award for his role as class and collective action representative and in recognition for his dedication to the Rule 23 Class and FLSA Plaintiffs and his willingness to come forward as the lead Plaintiff on behalf of the Rule 23 Plaintiffs and FLSA

Plaintiffs;

k. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and economic damages caused by Defendants' unlawful retaliation;

l. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical and mental injuries;

m. An award of punitive damages;

n. Pre-judgment and post-judgment interest, as provided by law; and

o. Granting Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

**NY BCL § 630 NOTICE AND DEMAND**

Plaintiff hereby gives this notice, in writing, to each shareholder of Defendant, and any of its parents, subsidiaries, or affiliated entities that is served with the summons and complaint in this action, that they intend to hold the shareholders liable under New York Business Corporation Law § 630. This notice is given within one hundred and eighty days after termination of the employment services of Plaintiff.

Plaintiff also demands an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence) of New York Business and Corporation Law.

An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the Defendant upon a judgment recovered against it for such services. The provisions of this paragraph shall not apply to an investment company registered as such under an act of congress entitled "Investment Company Act of 1940."

Dated: New York, New York
August 18, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: ______________________

Jon L. Norinsberg, Esq.
Robert Kansao, Esq.
Avraham Y. Scher, Esq.
825 Third Ave, Suite 2100
New York, New York 10022
Tel.: (212) 227-5700
*Attorneys for Plaintiff and Putative Class and Collective*